By the Court.—Sedgwick, J.
The demurrer was sustained on the ground that the statute had no operation on a vessel on the high seas.
The case of Crapo v. Kelly (16 Wall. 610), and the authorities cited by Judge Hunt, show that a State or nation has a right of jurisdiction through its law, written and unwritten, over a vessel belonging to it, that is on the high seas. This was held to be true of a vessel of a State of the Union. It was deemed that such State had the right of jurisdiction that she held before she became part of the Union. This proposition is sustained by Mahler v. Transportation Co. (35 N. Y. 352).
These positions are not founded upon the fiction of the territory being extended to the vessel. But the fiction is an illustration of, and is founded upon the necessary principles in relation to the power and prevalence of municipal law. A vessel, or the people upon it, would be without law or law-less, unless the obligations of the law of the place from which they had come followed and controlled. Therefore, both the laws of the State and the nation have dominion on a vessel on the high seas.
But this right of jurisdiction may never be exer *87 cised. However imperative may be the duty of the State to exercise it, or however much it may be for the interest, yet the fact may be that it never meant to exercise it. In case the only evidence as to this exercise of jurisdiction is the existence of the right of sovereignty, without any self-imposed limitations upon it, created by the State, there can be no doubt that there has been an exercise of the jurisdiction. The unwritten law, therefore, controls, in full power, wherever the right of jurisdiction extends.
But where the exercise of jurisdiction is committed by the State, that is, the people of the State, to legislators, or to men in other official relations, that exercise is limited by the intent of the legislators or officers in acting within the powers given by the people. That is, in the present case, whether or not the statute extends to vessels on the high seas, depends upon the intent of the legislature in passing the statute.
On first impression, it might seem that the intent must be, that the law was meant to operate in all places where the sovereignty of the State extended, and that, as to a general law, it is not necessary to suppose that the legislature had in conscious view the particular places where the law was to operate, and where it was not to operate.
This, however, is to be modified in the present instance. The State, through its officers or legislature, had never claimed that the sovereignty of the law of the State included its ships on the high seas. No legislative or executive or judicial act had recognized the right to jurisdiction.
At the last revision of the statutes, the first section begins(p. 120, vol. 1, Banks 6 Ed.): “It being deemed useful for the information of the citizens and officers of this State, that its boundaries, so far as its jurisdiction is now asserted, should be declared, it is therefore declared that the State of New York is bounded as *88 follows,” &c., and the first section of the next title (p. 127, Id.), is : “ The sovereignty and jurisdiction of this State extends to all the places within the boundaries thereof as declared in the preceding title,” &c.
And the highest evidence that this State never intended to extend its law to its vessels on the high seas, is contained in the opinion of the court of appeals in Kelly v. Crapo (45 N. Y. 86). For of course that court would not have denied to Massachusetts the kind of jurisdiction it recognized as existing for this State.
Although the reversal of this case stated a rule which leads to a recognition of the right of jurisdiction of our State, it did not, of course, touch the fact of our State having exercised it.
As the legislature, when passing this statute under consideration, did it in view of the State having, as a fact, abstained from the exercise of the jurisdiction, and the State never having recognized the right of jurisdiction, it must be that the intent was that the law should operate only within the territorial boundaries of the State. The particular circumstances take it out of the general rule that the sphere of the operation of statute is co-extensive with the sovereignty of the State.
I therefore think that the statute does not support this action, and further, that the cause of action did not arise within the territory of New York. The nature of the cause of action, as a marine test, does not make the prosecution of this common law remedy inconsistent with the admiralty and maritime jurisdiction of the United States (Dougan v. Champlain Transportation Company, 56 N. Y. 4).
Order affirmed, with costs.
Curtis, Ch. J., concurred.